FEDERAL DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT
(SPINGFIELD, MASSACHUSETTS)

| | |
|---|---|
| **Rinaldo Del Gallo, III**<br>Plaintiff,<br><br>v.<br><br>**Boston Mayor Marty Walsh**, in his personal and professional capacity<br><br>**Boston Police Commissioner William B. Evans**, in his personal and professional capacity<br><br>**Boston Parks and Recreation Department Commissioner Christopher Cook**, in his personal and professional capacity<br><br>**An unknown Boston Police Officer with badge number 2578**, in his personal and professional capacity<br><br>**An unknown Boston Police Officer with badge number 16**, in his personal and professional capacity<br><br>**Boston Police Officer Captain Greeland**[1]<br>Badge Number 10<br><br>Any one of approximately 300 Unnamed John and Jane Doe Police Officers at the Boston Free Speech Rally manning the gates or on the grounds or who interacted with Rinaldo Del Gallo, that would not allow Rinaldo Del Gallo in to speak despite being asked to be allowed into speak, or any supervising Police Officers, in their personal and professional capacities, whose names will be determined in discovery.<br><br>The City of Boston<br><br>         Defendants | 17CV30167-MAT<br><br>MOTION FOR AN EXTENSION OF TIME<br>To DEFENDANT'S 12(B)(6) MOTION |

---

[1] The spelling of "Greeland" is a guess.

MOTION to increase time to respond to Defendants' 12(b) motion - 1

Recently, the defendants have filed a 12(b)(1) and a 12(b)(6) motion. I actively researching the issues and I am bogged down in some other cases.

I was hoping this court would grant me an additional month to file a reply brief in opposition. (I can state here that I oppose the motion. I will be making the following points in greater detail:

<u>As for the motion of the City of Boston:</u>

- In a *Monell* claim[2] where a plaintiff is alleging that the municipality had a policy, such policy can be *inferred*[3] from the circumstances without being privy to the words being spoken.

- The facts of this case are unique. It is true that there is such a thing as a "single incident" *Monell* case,[4] but

---

[2] One court in 2012 put the test as such: "The existence of a municipal policy or custom may be pled in any of four ways. A plaintiff may allege that his constitutional injuries arose from: "(1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." *Sorrell v. Inc. Vill. of Lynbrook*, No. 10 CV 49 DRH GRB, 2012 WL 1999642, at *7 (E.D.N.Y. June 4, 2012)

[3] For instance, with regard to *inferring* there was a policy, it has been said by this court, "*Monell* has ... been interpreted to hold that a municipal policy of authorizing or condoning police misconduct **can be inferred** where the municipality has been grossly negligent in the supervision and training of its police force.... [I]solated incidents of negligent training or supervision are insufficient to establish." *CITY OF SPRINGFIELD, Massachusetts, Petitioner, v. Lois Thurston KIBBE, etc., Respondent.*, 1986 WL 728319 (U.S.), 13

[4] "A number of courts have held that where the single act or omission is sufficiently egregious, a municipal policy or custom may be inferred (see § 4[b]). Thus, in a number of cases involving allegations of isolated instances of law enforcement officers'

this is not really a "single incident." Normally, a citizen goes out and interacts with one or just a few people acting under color of state law, and there may be a "single incident." That is not the case. With regard to the day in question, I was denied entry by dozens upon dozens of police officers. Not only is this case properly categorized as a "widespread practice" or "multiple-incident case," the very idea that dozens upon dozens of police officers were not acting on an order from above and all were coincidentally denying me access to speak at the Boston Free Speech Rally is frankly a fatuous proposition—I am not trying to be sarcastic—they have literally argued these officers were not acting under a common policy.

As for the 12(b)(1) and 12(b)(6) motion of the Mayor, Police Commissioner, Parks Commissioner:

- It will be shown at the discovery phase that the Mayor of Boston, the Police Commissioner, and the Park's Commissioner made orders that:

    o There would be no amplified sound.[5]
    o That media would not be allowed into the Parkman Bandstand.
    o That guest of the Boston Free Speech Rally would not allowed in the immediate area.

- The Defendants evidently argued that "the right to be heard" is not a real right, and that I am arguing the right of third parties (and ergo have no standing) when I complain that even if I were allowed to go into the Parkman Bandstand, the media was not allowed to cover it or that people could not hear it—I will argue otherwise.[6]

---

misconduct, courts have inferred the existence of a municipal policy or custom." 81 A.L.R. Fed. 549 (Originally published in 1987)

[5] The Mayor said on national television that there will no sound amplification. "Charlottesville Aftermath: Boston Prepping For Free Speech Rally | MTP Daily | MSNBC. I will be asking the court to take judicial notice of this television story.

https://www.youtube.com/watch?v=jeF0eZOvBfM&feature=youtu.be

[6] By now, there is a "clearly established right to assemble, to protest, **and to be heard while doing so**." *Amnesty Int'l v. Battle,*

MOTION to increase time to respond to Defendants' 12(b) motion - 3

- The statement that "Plaintiff never attempted to speak at the rally" (page 10) is obviously not assuming the facts asserted in the complaint to be true as is required in a 12(b)(6) motion for failure to state a claim, but is completely belied by the video tape that I gave them with me going around to police officers and being asked to be let in—and this video is on file with this court on CD.

- The argument—actually argued by the Defendants—that since I was not allowed to speak because the police denied me entry to the Boston Free Speech Rally, I lacked standing to complain about the additional injuries of not being allowed to be covered by the media or have amplification if I was allowed to speak is not sound. The argument has a certain amount of chutzpah, because they are literally trying to benefit from their own wrong:[7] who am I to complain for not being allowed to speak to the media or have amplification in the Parkman Bandstand when I was not allowed to enter the Parkman Bandstand and speak in the first place? You cannot benefit from your own wrong like that. You cannot shoot a guy in the head and the heart, and claim that the shot to the head was no foul because the shot to the heart would have killed him, and claim that the shot to the heart was no foul because the shot to the head would have killed him. I have standing to argue that even were I allowed to enter the Parkman Bandstand, I was still being prevented from being heard save for the small group of people in the Parkman Bandstand because there was no sound, the audience

---

559 F.3d 1170, 1185 (11th Cir. 2009)("It is now well-established that "police may not create a police cordon that makes a protest rally totally ineffective," *Amnesty Int'l v. Battle,* 559 F.3d 1170, 1185 (11th Cir. 2009), yet this is exactly what the defendants did—the isolated the speakers. "It is now well established that the Constitution protects the right to receive information and ideas. 'This freedom [of speech and press] . . . necessarily protects the right to receive . . . .'" *Kleindienst v. Mandel,* 408 U.S. 753, 762-763 (1972) **"[T]he First Amendment carrie[s] with it a 'right to be heard' that should not be infringed."** *Amnesty Int'l v. Battle,* 559 F.3d 1170, 1182 (11th Cir. 2009); *Saia v. New York,* 334 U.S. 558 (1948)(striking down a vague ordinance which outlawed amplification from a motor vehicle so the speaker could be hear. **"There is a First Amendment right to be heard by the audience of [one's] choosing."** *Natural Resources Defense Council v. Pena,* 147 F.3d 1012, 1019 (Fed. D.C. Court of Appeals 1998).

[7] This probably accounts for the someone bizarre claim that "Petitioner never attempted to speak at the rally."

MOTION to increase time to respond to Defendants' 12(b) motion - 4

members were not allowed nearby, and that media was not allowed in.

- The defendant's also state that a viewpoint discrimination case has not been stated. The Mayor kept calling the speakers and organizers haters and speakers, and this was pled in the complaint. They were treated differently from favored speakers, such as President Obama and future governor Deval Patrick, who were allowed sound and were not kept from their audience. The Mayor constantly referred to the organizers and speakers as haters, white supremacist and the like, and it was adequately plead that for this reason, the Boston Free Speech Rally was treated differently than other speakers.

- I am the master of my claims. It is unfair and improper to twist my words and make a straw-man argument that I am not making. I am not "asserting a claim on behalf of the press." I am asserting the straightforward proposition that I have a right to be heard by the press, and the state cannot interfere with that right. The injury would certainly be to me *and* the press, and arguably the people that want to hear the message. If you suffer an injury, you have standing. When I was deprived of media, when I was deprived of amplification, when I was deprived of an audience close enough so that I could be heard (and I don't mean the protestors), I was injured—nor can any of this be circumvented by the argument that since I was unlawfully prevented from entering, these also did not constitute real injuries.

- The whole of the 12(b)(6) motion lacks merit. They are actually arguing that even if it were true as alleged in the complaint that dozens upon dozens of police officers would not allow me to enter the Parkman Bandstand to speak at the Boston Free Speech Rally as I repeatedly made my way around the fenced perimeter, and even if it were true that had I got in, the audience would not have been able to hear me because the speakers were not allowed a microphone other than a bullhorn, and even if it were true that the (non-protesting) audience was not allowed to hear because they were barricaded so far away, and even if it were true that I would not be heard by the media because they were not allowed in the Parkman Bandstand, and even if it were true that all these measures were taken because the Mayor of Boston did not like what he perceived to be the viewpoint of the speakers, that I have not stated a cause of action.

MOTION to increase time to respond to Defendants' 12(b) motion - 5

As stated, I have been in the weeds and I want to time to present a more cogent case.

---

**I hereby move for an extension of time of one month to fully respond to the 12(b)(6) motion**. I have communicated on Wednesday, February 14, 2018 with Attorney Nicole O'Connor and she has e-mailed me, "I wouldn't oppose a 2 week extension of time."

_____
Rinaldo Del Gallo, III       February 14, 2018

MOTION to increase time to respond to Defendants' 12(b) motion - 6

CERTIFICATE OF SERVICE:

I, Rinaldo Del Gallo hereby certify that a copy of this motion was e-mail to: nicole.oconnor@boston.gov on Wednesday, February 14, 2018. I also certify that it was mailed to:

Nichole O'Connor
Corporation Counsel for the City of Boston
1 City Hall Square, Room 615
Boston, MA 02201

*[signature]*

Rinaldo Del Gallo, III
PO Box 1082
Pittsfield, MA 01202-1082
(413) 445-6789