**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 3:17-CV-30167-MAP**

RINALDO DEL GALLO, III
            Plaintiff,

v.

BOSTON MAYOR MARTY WALSH, et al.
            Defendants.

**DEFENDANTS CITY OF BOSTON, MARTIN WALSH, WILLIAM EVANS,**
**CHRISTOPHER COOK AND CAPTAIN GREELAND'S OPPOSITION TO MOTION**
**TO VACATE JUDGMENT**

Now come the Defendants, City of Boston, Martin Walsh, William Evans, Christopher Cook, and Captain Greeleand and hereby respectfully oppose Plaintiff Rinaldo Del Gallo III's Motion to Set Aside the Final Judgment Under Mass (sic) R. Civil P. 59 and 60.

**I.      BACKGROUND**

1.  On November 9, 2017, Plaintiff, who is an attorney (Mass BBO No. 632880), filed his Complaint.

2.  On January 16, 2018, Defendants filed motions to dismiss the complaint for failure to state a claim.  (See ECF Nos. 32-35.)

3.  In accordance with L.R. 7.1(b)(2) and F.R.C.P. 6(d), Plaintiff's opposition was due on or before February 2, 2018.

4.  On February 14, 2018, the Court allowed the Defendants' motions to dismiss.

5.  On February 20, 2018, Plaintiff filed a motion for extension of time to respond to the motions to dismiss.

6. On March 5, 2018, Plaintiff filed a Notice of Appeal and Motion to Vacate Judgment.

## II.    LEGAL ARGUMENT

Plaintiff makes his Motion to Vacate Judgment pursuant Mass (sic) R. Civil P. 59 and 60. Reviewing the Rules federal counterparts, neither would be appropriate.  Plaintiff has not provided a basis for proving extraordinary relief nor has he made a showing that he has a meritorious claim.

### A.  There is no basis to vacate the judgment.

"A rule 60(b)(6) motion is addressed to the sound discretion of the district court." Mitchell v. Hobbs, 951 F.2d 417, 420 (1st Cir. 1991).  Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Plaintiff's Motion does not specify the basis for his relief and his cavalier response to the motions to dismiss belie his statement that "this is an important case the deals with extremely important" issues.  "[R]elief under Rule 60(b) is extraordinary in nature and … motions invoking that rule should be granted sparingly."  Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (alteration to original).  A "party who seeks recourse under Rule 60(b) must persuade the

trial court, at a bare minimum, … that exceptional circumstances exist, favoring extraordinary relief...." Id. (Alteration to original).  "Courts determine whether excusable neglect has occurred with an equitable analysis that examines the totality of the circumstances." Skrabec v. Town of N. Attleboro, 321 F.R.D. 46, 48 (D. Mass.), aff'd, 878 F.3d 5 (1st Cir. 2017).  "[C]ourts consider 1) the explanation for the delay, 2) whether the non-movant will be prejudiced and 3) whether the party requesting relief acted in good faith." Id.  "The Supreme Court has described 'excusable neglect' as encompassing 'inadvertence, mistake, or carelessness, as well as [ ] intervening circumstances beyond the party's control.' Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013) (alteration in original) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).  "However, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) (citations and quotations omitted). "Within the constellation of relevant factors, the most important is the reason for the particular oversight." Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d at 39.  Excusable neglect is a "demanding standard." United States v. $23,000 in U.S. Currency, 356 F.3d at 164.  Within his motion, Plaintiff makes no effort to meet his burden.   Plaintiff's 12-page motion devotes five sentences to his request that the judgment be vacated.  (See Motion, ¶ 32-36).   Nowhere within those five sentences does Plaintiff state the basis for his request.  Even if the Court is generously inclined to incorporate Plaintiff's Motion to Extend time, Plaintiff offers no explanation as to his failure to oppose the Motions to Dismiss.  The totality of Plaintiff's request is based on his claim that "I am bogged down in some other cases."[1]  (Motion for Extension of Time, p. 2.)  No other basis was provided nor was any explanation as to why Plaintiff waited a month before requesting

---

[1] Plaintiff's explanation for his failure to file an opposition appears inconsistent with his motion for leave to proceed in forma pauperis (ECF No. 2).

additional time.  As a matter of law, Plaintiff's belated excuse is insufficient for relief.  See de la Torre v. Cont'l Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994) ("On this record, he cannot shoulder that burden [of excusable neglect]. His most touted claim—that his attorney was preoccupied with other matters—has been tried before, and regularly has been found wanting.") (Alteration to original).  Accordingly, Plaintiff has not met his burden for relief.

Assuming Plaintiff is moving for relief under the catchall provision (60(b)(6)), he still fails to make an adequate showing for relief.  "Rule 60(b)(6) motions should be granted only where exceptional circumstances justifying extraordinary relief exist."  Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997).  "An additional precondition to relief under Rule 60(b)(6) is that the movent make a suitable showing that he or she has a meritorious claim or defense." Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993); see Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997) ("a 60(b)(6) movant must make a suitable showing that the movant has a meritorious claim."); Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).  "Absent compelling reasons, parties may not employ subsection (6) to expand their time for taking appropriate action, or to avail themselves of an additional, broad purpose for requesting relief from judgment." United States v. Berenguer, 821 F.2d 19, 21 (1st Cir. 1987).  While Plaintiff's Motion contains argument, it lacks authority to suggest a suitable showing that he has a meritorious claim.

### B.    Plaintiff has not provided a basis for reconsideration.

"Rule 59(e) motions are aimed at re consideration, not initial consideration." Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990) (emphasis in original).  "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain

other narrow situations.'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir.2007). "It is well-settled, however, that new legal arguments or evidence may not be presented via Rule 59(e); rather, motions under that rule must either clearly establish a manifest error of law or present newly discovered evidence." See generally Landrau-Romero v. Banco Popular De Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000) "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment." Biltcliffe v. CitiMortgage, Inc., 772 F.3d at 930; see Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990) ("Parties normally cannot use them to raise arguments which could, and should, have been made before the judgment issued" ) (citations and quotations omitted).  A Rule 59 motion is not an appropriate mechanism to correct Plaintiff's "procedural snafu" or to partially oppose the motions to dismiss for the first time.   Plaintiff failed to oppose the Defendants' motions to dismiss and did not request an extension of time until one month after being served with the motions (and two weeks after his oppositions were due).  More importantly, Plaintiff fails to provide any specific basis for his failure to timely comply.   Even today, Plaintiff has not included his proposed oppositions with his motion and his conclusory assertions that the factual underpinnings of his claim are "obvious" do not make it so.    Because there is no manifest error of law or newly discovered evidence, reconsideration would be inappropriate.

### III.    CONCLUSION

For the reasons set forth above, the Defendants respectfully request that Plaintiff's Motion to Vacate be denied.

Dated: March 7, 2018

Respectfully submitted:

DEFENDANTS, MAYOR MARTIN J. WALSH, BOSTON POLICE COMMISSIONER WILLIAM B. EVANS, BOSTON PARKS AND RECREATION DEPARTMENT COMMISSIONER CHRISTOPHER COOK, BOSTON POLICE CAPTAIN GREELAND, and THE CITY OF BOSTON

By their attorneys,

Eugene L. O'Flaherty
Corporation Counsel


*/s/ Nieve Anjomi*
Nicole O'Connor (BBO# 675535)
Senior Assistant Corporation Counsel
Nieve Anjomi (BBO#651212)
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4034
Nicole.OConnor@boston.gov
Nieve.Anjomi@boston.gov


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 8, 2018:

Rinaldo Del Gallo
PO Box 1082
Pittsfield, MA 01202


March 7, 2018

Date

*/s/ Nieve Anjomi*

Nieve Anjomi